UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 08-201 (EGS) |
| ) | |
| SAMUEL EARL POPE ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR RECONSIDERATION OF BOND PENDING SENTENCING**

**COMES NOW** the defendant, Samuel E. Pope, by and through counsel, Barry M. Tapp, Esq. and moves this Honorable Court to reconsider bond and release defendant on his own recognizance or set conditions for electronic home monitoring.  The defendant further states:

1. That on July 16, 2008 he appeared before the Court and pled guilty to two counts: 1) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(b) and,  2) mail fraud in violation of 18 U.S.C. § 1341.   Each violation carries a maximum period of incarceration of 20 years and fines.

2. Following sentencing, the Court ordered that the defendant held without bond, citing his dangerousness to the community and further requested placement at the Correctional Treatment Facility.

3. Neither the United States Attorney's Office nor Pretrial Services Agency recommended that the defendant be held without bond and all indications are that both did not object to the defendant's release on his own recognizance pending sentencing.

Further, undersigned counsel spoke to Assistant U.S. Attorney Lynch who has no objection to the defendant's bond being modified.

4. The defendant, as noted in the D.C. Pretrial Services Agency's Report has two (2) prior gun charges, both more than seventeen (17 years old and for which he received suspended sentences. The defendant has not been charged with a crime since the last gun disposition date on May 15, 1991. He has worked and was working on the July 16 at Embassy Suites in Washington, DC. Prior to his plea, he informed his supervisor of the his involvement I the instant case and she agreed to allow him to continue to work.

5. Albeit the offenses to which the defendant pled guilty and the underlying facts evidences a long running pattern of conduct, we do not believe, as the Court found, that he is a danger to the community in the strict sense of the language regarding bond.

6. The defendant has a home in the District of Columbia where he will lived most of his life and will continue to reside there if released and will continue to work pending sentence. There is no evidence in his background that he poses an imminent threat of harm to any person or the community if released. Additionally, as this Honorable Court is aware, it can fashion a remedy such as electronic home monitoring to insure itself of the defendant's compliance with its orders before he is sentenced.

7. Moreover, because there are pending cases relative to the DC tax case that have not been disposed of, there is a realist probability that the defendant may have to testify in one or more of those cases. Obviously, being in a hostile prison environment where he made be labeled because of his cooperation is not conductive to longevity, notwithstanding efforts at protection from the Department of Corrections. And, most assuredly, when he is housed, as he is now, at DC Jail.

**WHEREFORE**, it is respectfully requested that the defendant be released on his own recognizance or in the alternative, on electronic home monitoring. If the Court decides against any form of bond, then the defendant would request that the Court order placement at the Central treatment Facility of the Department of Corrections.

                                    Respectfully submitted,

                                    /s/Barry M. Tapp
                                  Barry M. Tapp
                                  14662 Cambridge Circle
                                  Laurel, MD 20707
                                  301-725-6030
                                  Bar #209395

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 08-201 (EGS) |
| ) | |
| SAMUEL EARL POPE ) | |
| Defendant. ) | |

## ORDER

**UPON CONSIDERATION** of the defendant's Motion for Release on Personal Recognizance, and the files herein, it is by the United States District Court for the District of Columbia,

**ORDERED**, that the Motion be, and hereby is, **GRANTED**, it is further,

**ORDERED**, that upon release the defendant shall report immediately to Pretrial Services.


Date_____                    _____
                                          Emmet G. Sullivan
                                          United States District Judge

cc:

Timothy G. Lynch
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth St., NW
Washington, DC 20530

Barry M. Tapp, Esq.
14662 Cambridge Circle
Laurel, MD 20707

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically served the United States with the Defendant's Motion for Bond Reconsideration this 22nd day of July 2008 to:

Timothy G. Lynch
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth St., NW
Washington, DC 20530

_____
Barry M. Tapp